**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

AUG 14 2025

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SARAH HAGER, on behalf of herself and on behalf of statutory beneficiaries of Edward Michael Hager, A.H, E.H. Jr., T.H; DONNA FETT,

      Plaintiffs - Appellants,

  v.

UNITED STATES OF AMERICA,

      Defendant - Appellee.

No. 24-2184

D.C. No.
2:20-cv-02275-DWL

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Argued and Submitted March 28, 2025
Phoenix, Arizona

Before: BERZON and BENNETT, Circuit Judges, and LEFKOW, District Judge.**

Sarah Hager, acting on behalf of herself and the statutory beneficiaries of her

deceased husband Edward Hager, and Donna Fett appeal the district court's grant

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Joan H. Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

of summary judgment to the Government.  We review a district court's grant of summary judgment de novo and may affirm on any basis supported by the record. *Gordon v. Virtumundo*, *Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009).

1. Plaintiffs have failed to demonstrate a genuine issue of material fact as to whether Nurse Markey breached the standard of care in a way that caused Hager's suicide.  *See* Ariz. Rev. Stat. § 12-563.  Under Arizona medical malpractice law, both the applicable standard of care and causation generally must be shown by expert testimony.  *See Rasor v. Nw. Hosp., LLC*, 243 Ariz. 160, 163 (2017); *Sampson v. Surgery Ctr. of Peoria, LLC*, 251 Ariz. 308, 312 (2021).

Plaintiffs' causation expert opined that if Hager had received counseling on the day of his visit to the Veteran's Affairs hospital, "it is far more likely than not that he would not have attempted suicide that day."  But Plaintiffs' standard of care expert stated that the standard of care did not require Hager to receive counseling that day, a fact that plaintiffs do not dispute.

Plaintiffs do identify several other breaches of the standard of care: Nurse Markey's failure to perform a mental status examination or a suicide risk assessment, failure to develop a safety plan, and failure to communicate her concerns to another practitioner. Plaintiffs have not, however, raised a genuine dispute of material fact as to whether these breaches caused Hager's suicide.  In his report, Plaintiffs' causation expert does not mention a mental status examination or

aver that performing one would have prevented Hager's suicide. Nor does the expert state that Nurse Markey's failure to perform a suicide risk assessment in addition to the suicide screening tools she did administer contributed to Hager's suicide. Plaintiffs' standard of care expert opined that, given Hager's assessed suicide risk, the standard of care did not require a more robust safety plan. And the causation expert provided no opinion as to whether communication to another health care provider would have prevented Hager's suicide.

2. The district court did not make an improper credibility determination regarding Plaintiffs' standard of care expert or weigh conflicting evidence in violation of the summary judgment standard. *Cf. Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017). The summary judgment order shows that the district court credited the testimony of Plaintiffs' experts and drew all reasonable inferences in Plaintiffs' favor. *See id.*

**AFFIRMED.**